STATE OF CONNECTICUT v. ELISHA ENOS.

The Statute of Limitations extends to offenses which may be punished by fine, or otherwise at the discretion of the court; as, fornication, riots, etc., and therefore to an information at common law for passing a counterfeit note, made in imitation of the notes issued by the superintendent of finance.

INFORMATION at common law for uttering and putting off a counterfeit note, in imitation of the notes issued by the Hon. Robert Morris, Esq., superintendent of finance. The crime alleged to have been committed more than one year before the filing of the information.

Mr. Edwards, counsel for the prisoner, pleaded the Statute of Limitations; by which it is enacted; " That no person shall be indicted, prosecuted, informed against, complained of, or compelled to answer before any court, assistant or justice of the peace within this state, for the breach of any penal law, or for other crime or misdemeanor, by reason whereof a forfeiture belongs to any public treasury, unless the indictment, presentment, information, or complaint be made and exhibited within one year after the offense is committed.

"And every such indictment, presentment, information and complaint, that is not made and exhibited, as aforesaid, within the time limited for the same as aforesaid — shall be void and of none effect.

" Provided always, that this act shall not extend to any capital offense; nor to any crime that may concern loss of member, or banishment, or any treachery against this state, etc."

Mr. Root, attorney for the state, demurred.    And on argument, the plea was adjudged sufficient; for,

By the COURT.    The offense is within the Statute of Limitations, being punishable by fine, or without, at the

discretion of the court. The construction of this statute has been liberal, extending it to offenses which might be punished by fine, or without, at the discretion of the court; as fornication, riots, etc. The exceptions in the act do not extend to this case; for, by statute, no kind of forgery is punished with such severity as loss of limb; and at common law, punishments are never more severe than by statute.

DYER, J., dissenting. 1st. Because there is no precedent, extending the Statute of Limitation, to cases of this description, but the contrary.

2d. The statute referred to, which requires the information to be within one year, is, "for the breach of any penal law, or for other crime or misdemeanor, by reason whereof a forfeiture belongs to any public treasury, etc." On this information, there is no forfeiture to any public treasury enjoined by any positive law; therefore the case is not within the statute.

3d. Crimes, which may be punished by loss of member, banishment, etc., as well as theft of more than ten shillings value, are expressly excepted by the statute. If the person should be convicted on this information, the law admits of a punishment, which concerns loss of member or banishment; therefore, this case was not within the statute.